# United States District Court
# Central District of California
# Western Division

MARINA BORAWICK,

               Plaintiff,

   v.

CITY OF LOS ANGELES, *et al.*,

               Defendants.

CV 17-02036 TJH (JCx)

### Order and Judgment

## JS-6

The Court has considered Defendants' motion for partial summary judgment and motion for judgment on the pleadings, together with the moving and opposing papers.

On April 21, 2016, at approximately 8:00 p.m., Plaintiff Marina Borawick was driving a vehicle with a defective taillight in Los Angeles. Defendants Steve Reyes and Peter Correa, Los Angeles Police Department officers, initiated a traffic stop because of the defective taillight. Reyes asked for Borawick's identification, then, ordered her to exit her vehicle. Reyes, then, arrested Borawick arguably because she had an outstanding arrest warrant related to a hit and run. Borawick was handcuffed, placed in the back of Reyes's and Correa's patrol vehicle, and taken to the Pacific Division Station.

According to Borawick, she was pulled over while driving to a medical

appointment for her injured shoulder and she told Reyes and Correa that her shoulder was badly injured, she could not place her hands behind her back to be handcuffed, and, despite her pleas and cries of pain, Reyes and Correa, nevertheless, handcuffed her behind her back and refused to either release her from the handcuffs or handcuff her in a less painful manner.

On June 8, 2017, Borawick filed her Second Amended Complaint, alleging the following claims: (1) Violations of 42 U.S.C. § 1983, for excessive force and First Amendment retaliation; (2) Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ["ADA"]; (3) Violation of the Bane Act, Cal. Civ. Code § 52, *et seq.* ["Bane Act"]; (4) Assault; (5) Battery; (6) Negligence; (7) Negligent hiring; (8) Violation of Cal. Civ. Code § 51, *et seq.*; and (9) A violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ["Rehab Act"].  Although not pled as a separate claim, Borawick includes language in her complaint that alludes to municipal liability pursuant to *Monell v. Dept. of Soc. Serv. Of N.Y.C.*, 436 U.S. 658 (1978).

On May 18, 2018, Defendants moved for judgment on the pleadings on its affirmative defense of qualified immunity and Borawick's § 1983 and negligence claims.  On June 22, 2018, Defendants, also, moved for partial summary judgment on its affirmative defense of qualified immunity and Borawick's § 1983, *Monell*, ADA, and Bane Act claims.

**Qualified Immunity**

Defendants seek partial summary judgment on their affirmative defense of qualified immunity as to Borawick's excessive force and First Amendment retaliation claims.  Qualified immunity attaches when an official's conduct does not violate a clearly established constitutional right.  *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).  Although Defendants have the ultimate burden of proof as to this affirmative defense, Borawick has the initial burden to show that there was a clearly established constitutional right at the time the alleged violation occurred.  *See Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1388 (9th Cir. 1997).

1   Existing precedent must be specific enough to place the contours of the
2   constitutional right beyond debate. *Kisela*, 138 S. Ct. at 1152. Specificity is especially
3   important where the constitutional right at issue is the Fourth Amendment. *Kisela*, 138
4   S. Ct. at 1152. Police officers are entitled to qualified immunity for an alleged use of
5   excessive force unless "existing precedent squarely governs the specific facts at issue."
6   *Kisela*, 138 S.Ct. at 1152.

7   Here, Borawick asserted that the use of handcuffs behind her back during her
8   arrest was excessive force because she informed Reyes and Correa that she had pre-
9   existing injuries that prevented her from bending her arms behind her back. However,
10  Borawick pointed to no precedent, and the Court could find none, that clearly
11  established her right to be either free from handcuffs or handcuffed in an alternative
12  manner purely because she told the arresting officers that she had a pre-existing injury.
13  The precedent Borawick relied on does not satisfy the high burden of specificity the
14  Supreme Court has demanded. *See Kisela*, 138 S. Ct. at 1152. Because Borawick
15  failed to identify precedent that clearly established a right to be free from handcuffs or
16  to be handcuffed in an alternative manner after self-reporting an injury, Defendants are
17  entitled to qualified immunity on her excessive force claim. *See Sweaney*, 119 F.3d
18  at 1388.

19  Borawick, also, asserted that her First Amendment rights were violated when she
20  was detained and handcuffed after she gave Reyes and Correa "attitude." She points
21  to *Ford v. City of Yakima*, 706 F.3d 1188 (9th Cir. 2013), as precedent. In *Ford*, the
22  Ninth Circuit held that it had been a clearly established right since 1990 to be free from
23  retaliatory police actions, like arrests, even if probable cause existed for that action.
24  *See Ford*, 706 F.3d at 1195-1196. However, where the general statement of law seems
25  inapplicable or too remote, the Court cannot rely on it to deny qualified immunity.
26  *Kisela*, 138 S. Ct. at 1153. An officer cannot be said to have violated a clearly
27  established right unless the right's contours were sufficiently definite so that any
28  reasonable officer in the defendant officer's shoes would have understood that he was

violating it. *Kisela*, 138 S. Ct. at 1153.

In a video recording of Reyes and Correa later transporting Borawick to the Santa Monica Police Department – the issuing agency for the warrant – Defendants can be heard saying that Borawick's "attitude and . . . demeanor got [her] hooked up for [her existing] warrant." That statement is evidence that Reyes's and Correa's decision to arrest Borawick was, at least in part, motivated by retaliation for Borawick's speech. However, the parties dispute whether Borawick was arrested pursuant to the officers' independent determination of probable cause or her outstanding arrest warrant.

Borawick argued that Reyes's declaration, written for an Internal Affairs investigation of this incident, showed that Correa ran a warrant check after Reyes asked for and received Borawick's identification at the beginning of the traffic stop. Borawick argued that Reyes could not have known about the outstanding arrest warrant when he initiated her arrest because Correa conducted the warrant check contemporaneously with the arrest. Defendants relied on Reyes's and Correa's declarations, written for this case, and their testimony given during depositions for this case, wherein the two stated that they learned of the outstanding arrest warrant prior to initiating the traffic stop when they ran Borawick's license plate through the computer in their patrol vehicle.

In the dashboard camera video of the traffic stop, Reyes can be seen and heard asking for and receiving Borawick's identification. After confirming Borawick's identification, Reyes did not communicate with Correa before placing Borawick under arrest. Thereafter, Reyes ordered Borawick to exit her vehicle to initiate the arrest. During the arrest, Correa exited the patrol vehicle to assist Reyes but he did not speak to Reyes. Shortly thereafter, Reyes told Borawick that she was being arrested because she had an outstanding arrest warrant.

The Court must view the facts in the light depicted by the video. *See Scott v. Harris*, 550 U.S. 372, 381 (2007). It is clear from the video that Reyes informed Borawick of her outstanding arrest warrant before further communicating with Correa.

Accordingly, the only plausible version of events is Reyes's and Correa's account – that they ran the warrant check on Borawick's license plate prior to initiating the traffic stop, saw that there was an outstanding warrant for a "Marina Borawick," and that Reyes was aware of the outstanding arrest warrant prior to conducting the traffic stop and merely needed to verify Borawick's identity. Despite the inconsistency in one of Reyes's declarations, no reasonable jury could find that Reyes and Correa did not know about the outstanding arrest warrant until after they initiated the arrest. *See Scott*, 550 U.S. at 378-380.

Indeed, there is a difference between an arrest pursuant to an officer's determination of probable cause and an arrest pursuant to a warrant – a neutral third-party, independent of the police, issued the warrant based on an unbiased determination of probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 115 (1975). The fact that Reyes and Correa, exclusively or otherwise, relied on an outstanding arrest warrant to arrest Borawick renders *Ford*'s general rule that an officer may not arrest an individual where there is a retaliatory motive, despite probable cause, inapplicable and too remote to apply, here. *See Kisela*, 138 S. Ct. at 1153. Accordingly, *Ford* and its progeny do not clearly establish a right that governs this case. Further, Borawick did not cite to any precedent, and the Court could find none, that clearly established her right to be free from an arrest where the officer's decision to arrest was based on an outstanding arrest warrant for an unrelated offense and, at least some, retaliatory motive.

Accordingly, Reyes and Correa are entitled to qualified immunity for Borawick's First Amendment retaliation claim.

**Borawick's Other Claims**

Defendants, also, moved for summary judgment on Borawick's *Monell* and ADA claims. When considering a motion for partial summary judgment, where the nonmoving party has the burden of proof at trial, as Borawick has here, summary judgment should be granted when the nonmoving party fails to produce evidence

1   sufficient to establish a *prima facie* case.  *See Celotex*, 477 U.S. at 322.  However,

2   Defendants, as the moving party, have the initial burden to show that Borawick does

3   not have enough evidence to establish a *prima facie* case.  *See Williams v. Gerber*

4   *Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Defendants have met this initial

5   burden.  Thus, the burden shifts to Borawick to establish, with admissible evidence, a

6   *prima facie* case for each of her claims.  *Celotex*, 477 U.S. at 322.

7       Municipalities may be sued under § 1983 where its policies, customs, or

8   practices led to the violation of an individual's federally protected right.  *Monell*, 436

9   U.S. at 690 (1978).  Section 1983 does not, itself, confer rights, but acts merely as a

10  mechanism for an individual to enforce federal rights that otherwise do not provide for

11  an avenue of enforcement.  *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002).

12  If the federal right includes its own comprehensive remedial scheme, that federal right

13  provides an avenue of enforcement and, therefore, may not be the basis for a § 1983

14  claim.  *Vinson*, 288 F.3d at 1155.

15      Here, Borawick's Second Amended Complaint alleged violations of four federal

16  rights: (1) The First Amendment; (2) The Fourth Amendment; (3) The ADA; and (4)

17  The Rehab Act.  Borawick cannot maintain a *Monell* claim to the extent that she bases

18  that claim on violations of the First and Fourth Amendment because Reyes and Correa

19  are entitled to qualified immunity on those claims.  *See Simmons v. Navajo Cty., Az*,

20  609 F.3d 1011, 1021 (9th Cir. 2010).  Further, because the ADA and the Rehab Act

21  both have comprehensive internal enforcement mechanisms, any federal rights

22  enumerated within them cannot be vindicated via a § 1983 claim.  *See Vinson*, 288

23  F.3d at 1155-1156.  Accordingly, Borawick cannot base her *Monell* claim on either the

24  ADA or the Rehab Act.  *See Vinson*, 288 F.3d at 1155-1156.  Thus, Borawick failed

25  to establish a *prima facie* case for her *Monell* claim.

26      With regard to Borawick's ADA claim, the Ninth Circuit recently held that the

27  ADA applied to arrests, and that officers must reasonably accommodate an arrestee's

28  disability in the course of an investigation or arrest.  *See Sheehan v. City and Cty of*

*S.F.*, 743 F.3d 1211, 1232 (9th Cir. 2014).  To establish a *prima facie* case that the Defendants violated the ADA during the course of her arrest, Borawick must show that: (1) She is an individual with a disability; (2) She is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) She was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) Such exclusion, denial of benefits, or discrimination was by reason of her disability.  *See Sheehan*, 743 F.3d at 1232.

Without weighing the evidence or making credibility determinations, Borawick provided sufficient evidence to show that she was a qualified individual with a disability.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Because Defendants acknowledged that at some point after the traffic stop, they added an extra link to Borawick's handcuffs, the Court must draw the reasonable inference in Borawick's favor that a reasonable accommodation existed but was not provided to her at the time of her arrest.  *See Sheehan*, 74. F.3d at 1232.  Lastly, Borawick must prove that the denial of the reasonable accommodation was "by reason of her disability."  *See Sheehan*, 743 F.3d at 1232.

Here, Borawick did not set forth any evidence or argument that she was denied a reasonable accommodation "by reason of her disability."  *See Sheehan*, 743 F.3d at 1232.  A legitimate law enforcement reason vitiates bare allegations that the failure to accommodate was by reason of the disability.  *Simmons*, 609 F.3d at 1021-1022.  Indeed, during Borawick's transport to Santa Monica Police Department, Defendants told her "nobody is questioning [Borawick's] integrity here, however, with that being said, you wouldn't be the first person to over exaggerate an injury in order to gain an advantage on an officer, so we limit your mobility… ."  Based on Borawick's lack of evidence, and Defendants' statements that their decision to handcuff her was not a particularized decision based on her disability, no reasonable jury could find that Borawick was denied an accommodation by reason of her disability.  *See Scott*, 550

U.S. at 378-380.

Accordingly, Borawick failed to meet her burden of establishing a *prima facie* case for her ADA claim.

The Court may, *sua sponte*, enter summary judgment for Defendants on one of Borawick's claims if she received reasonable notice that the adequacy of her claim was in question. *See Zamora v. Smith*, 267 Fed. Appx. 602, *1 (9th Cir. 2008). Here, there is no significant difference in the rights and obligations conferred by the ADA and the Rehab Act. *See Vinson*, 288 F.3d at 1152 n.7. Indeed, the two claims are often discussed together because the elements are substantially similar. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Accordingly, Borawick received reasonable notice that the adequacy of her Rehab Act claim was in question because the adequacy of her ADA claim was in question. Because Borawick failed to establish a *prima facie* case for her ADA claim, she, also, failed to establish a *prima facie* case for her Rehab Act claim. *See Zukle*, 166 F.3d at 1051.

Consequently, Defendants are entitled to summary judgment on all of Borawick's federal claims. The Court declines to exercise supplemental jurisdictions over Borawick's remaining state law claims.

Accordingly,

It is Ordered that Defendants' motion for partial summary judgment be, and hereby is, Granted as to Borawick's § 1983, *Monell*, and ADA claims.

It is further Ordered, *sua sponte*, that summary judgment on Borawick's Rehab Act claim be, and hereby is, Granted in favor of Defendants.

It is further Ordered that Defendants' request for leave to file a supplemental proposed statement of uncontroverted facts and conclusions of law be, and hereby is,

1  𝔇𝔢𝔫𝔦𝔢𝔡 as moot.

2

3  𝔗𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Borawick's request for leave to file a response to

4  Defendants' a supplemental proposed statement of uncontroverted facts and conclusions

5  of law be, and hereby is, 𝔇𝔢𝔫𝔦𝔢𝔡 as moot.

6

7  𝔗𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡, 𝔄𝔡𝔧𝔲𝔡𝔤𝔢𝔡 𝔞𝔫𝔡 𝔇𝔢𝔠𝔯𝔢𝔢𝔡 that Judgment be, and hereby

8  is, 𝔈𝔫𝔱𝔢𝔯𝔢𝔡 in favor of Defendants City of Los Angeles, Peter Correa, Steven Reyes,

9  Pompello Calderon, and Julian Gonzalez and against Plaintiff Marina Borawick as to

10  Plaintiff's § 1983, *Monell*, ADA, and Rehab Act claims.

11

12  𝔗𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Borawick shall take nothing as to her § 1983,

13  *Monell*, ADA, and Rehab Act claims.

14

15  𝔗𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Borawick's state law claims be, and hereby are,

16  𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡 without prejudice as the Court declines to exercise supplemental

17  jurisdiction over those claims.

18

19  𝔗𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion for judgment on the pleadings is 𝔇𝔢𝔫𝔦𝔢𝔡

20  as moot.

21

22  Date: August 30, 2018

23

24  𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.

25  𝔖𝔢𝔫𝔦𝔬𝔯 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔍𝔲𝔡𝔤𝔢

26

27

28