# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARINA BORAWICK,

Plaintiff,

v.

CITY OF LOS ANGELES, et al.

Defendants.

Case No. CV 17-2036 MRW

**COURT'S CONCLUDING JURY INSTRUCTIONS**

 

The Court gave the following closing instructions to the jury at the trial in this matter.

Dated: March 31, 2023

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

COURT'S INSTRUCTION # 1.

DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

COURT'S INSTRUCTION # 2.

DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself.  You should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, and do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION # 3.

CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  Do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it.  Do not do any research.  Do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case.  Do not go online or on social media to get information related to this case.  Do not do any research about the law or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.

Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

COURT'S INSTRUCTION # 4.

SECTION 1983 CLAIM


The plaintiff, Ms. Borawick, brings her claim under a federal statute, 42 U.S.C. § 1983.  That statute provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


In order to prevail on her Section 1983 claim against Defendants Correa and Reyes, Plaintiff must prove by a preponderance of the evidence that:

1.    Defendant acted under color of state law; and

2.    The acts of Defendant deprived Plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that both Officers Correa and Reyes acted under color of state law.

COURT'S INSTRUCTION # 5.

EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Therefore, to establish a constitutional violation in this case under Section 1983, Plaintiff must prove by a preponderance of the evidence that the officers used excessive force.

Under the Fourth Amendment to the U.S. Constitution, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene, and not with the 20/20 vision of hindsight. Although the facts known to the officer at the time are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

COURT'S INSTRUCTION # 6.

TOTALITY OF THE CIRCUMSTANCES

Plaintiff Borawick claims that Defendants Correa and Reyes used excessive or unreasonable force against her on three separate occasions:

(1)     During the initial handcuffing at the scene of the arrest;

(2)     For the period that Plaintiff was in the police car until she was uncuffed at LAPD Pacific Station; and

(3)     During Plaintiff's transportation to Santa Monica Police Station.

For each component of these claims, you may consider the following factors in determining whether the use of force was unreasonable:

1.     The nature of the crime or other circumstances known to the officers at the time force was applied;

2.     Whether Plaintiff posed an immediate threat to the safety of the officers or to others;

3.     The type and amount of force used;

4.     The availability of alternative methods to take Plaintiff into custody;

5.     Whether a reasonable officer would have known that the force used caused unnecessary or unusually severe pain;

6.     Whether a reasonable officer, having been alerted to Plaintiff's disability and medical history, would have employed alternative means of restraining her;

7.     Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

8.   The amount of time Defendants had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

9.   The relationship between the need for the use of force and amount of force used;

10.   The extent of Plaintiff's injury; and

11.   Any effort made by the officers to limit the use of force;

Plaintiff must show that the officers' use of force was "objectively" unreasonable; Plaintiff is not required to show that the officers were "subjectively" aware that their use of force was unreasonable.

COURT'S INSTRUCTION # 7.

ADA / REHABILIATION ACT CLAIM

Plaintiff can establish a violation of the Americans with Disabilities Act or the Rehabilitation Act by showing that one or both officers failed to provide Plaintiff with a reasonable accommodation for any of her disabilities (that is, her frozen shoulder and the arterial conditions for which she previously had bypasses).

In order to prove this claim, Plaintiff must prove by a preponderance of the evidence that:

1.  Plaintiff is a qualified individual with a disability.  You should consider this element satisfied.  It is undisputed that Plaintiff is a qualified individual and had a disability at the time of the arrest because of her frozen shoulder and because of her bypasses;

2.  The officer or officers failed to reasonably accommodate Plaintiff's disability; and

3.  This failure to reasonably accommodate caused Plaintiff undue pain or greater injury than it would a person who did not have her disability.

Plaintiff claims that Defendants Correa and Reyes failed to reasonably accommodate her on three separate occasions:

(1)  During the initial handcuffing at the scene of the arrest;

(2)  For the period that Plaintiff was in the police car until she was uncuffed at LAPD Pacific Station; and

(3)     During Plaintiff's transportation to Santa Monica Police
        Station.

You should give separate consideration to each of these claims.

COURT'S INSTRUCTION # 8.

TEMPORARY DISABILITY

A person is considered to be "disabled" under the ADA and Rehabilitation Act even if a condition is temporary.

COURT'S INSTRUCTION # 9.

BANE ACT – EXCESSIVE FORCE

(CALIFORNIA CIVIL CODE § 52.1)

Plaintiff claims that Defendants Correa and Reyes violated her rights under the state's Bane Act by using excessive force against her.  To establish this claim, Plaintiff must prove the following:

1.   By threats, intimidation, or coercion, Defendants interfered with, or attempted to interfere with, Plaintiff's exercise of her right to be free from excessive force.
     You should consider this element satisfied if you return a verdict in favor of Plaintiff on her excessive force claim under Section 1983;

2.   Defendants acted intentionally or with a reckless disregard for Plaintiff's rights;

3.   Plaintiff was harmed; and

4.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

COURT'S INSTRUCTION # 10.

BANE ACT – RETALIATORY ARREST

(CALIFORNIA CIVIL CODE § 52.1)

Plaintiff also claims that Defendants Correa and Reyes violated her rights under the state's Bane Act by retaliating against her.  To establish this claim, Plaintiff must prove the following

1.  Defendants Correa and Reyes interfered with, or attempted to interfere with, Plaintiff's right to free speech by arresting her in retaliation for statements Plaintiff made to the officers during the incident.

2.  Defendants' actions were by means of threats, intimidation, or coercion;

3.  Defendants acted intentionally or with a reckless disregard for Plaintiff's rights; and

4.  Defendants' conduct was a substantial factor in causing Plaintiff to suffer harm.

COURT'S INSTRUCTION # 11.

WARRANT

In this civil action, Plaintiff does not challenge that there was a legal basis to arrest her.  At the time of the incident, there was a warrant which would have provided a basis to arrest Plaintiff.

However, the parties dispute whether the decision to arrest Plaintiff that day was retaliatory, and thus unlawful.

COURT'S INSTRUCTION # 12.

BATTERY

Plaintiff claims that Defendants Reyes and Correa harmed her by using unreasonable force to arrest her.  To establish this claim under state law, Plaintiff must prove all of the following:

1.    Defendants intentionally touched Plaintiff;

2.    Defendants used unreasonable force to arrest Plaintiff;

3.    Plaintiff did not consent to the use of that force;

4.    Plaintiff was harmed; and

5.    Defendants' use of unreasonable force was a substantial factor in causing Plaintiff's harm.

In deciding whether Officers Correa and Reyes used unreasonable force, you should consider the totality of the circumstances as I've previously listed them in Instruction # 6.

COURT'S INSTRUCTION # 13.

NEGLIGENCE

A law enforcement officer may use reasonable force to arrest or detain a person when the officer has reasonable cause to believe that that person has committed a crime.  However, the officer may use only that degree of force necessary to arrest or detain the person.

Plaintiff claims that Defendants Correa and Reyes were negligent in using unreasonable force to arrest or detain her.  Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  To establish this claim, Plaintiff must prove all of the following:

1.      Defendants used force to arrest Plaintiff;

2.      The amount of force used by Defendants was unreasonable;

3.      Plaintiff was harmed; and

4.      Defendants' use of force was a substantial factor in causing Plaintiff's harm.

Plaintiff claims that Defendants Correa and Reyes were negligent on three separate occasions:

(1)     During the initial handcuffing at the scene of the arrest;

(2)     For the period that Plaintiff was in the police car until she was uncuffed at LAPD Pacific Station; and

(3)     During Plaintiff's transportation to Santa Monica Police Station.

You should give separate consideration to each of these claims.

In deciding whether Officers Correa and Reyes were negligent, you must consider the totality of the circumstances as I've previously listed them in Instruction # 6.

COURT'S INSTRUCTION # 14.

COMPARATIVE FAULT

Defendants claim that Plaintiff's own negligence contributed to her harm. To succeed on this claim, Defendants must prove both of the following:

1.    Plaintiff was negligent; and

2.    Plaintiff's negligence was a substantial factor in causing her harm.

COURT'S INSTRUCTION # 15.

CAUSATION


A "substantial factor in causing harm" is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.


A person's violation of law may combine with another factor to cause harm.  If you find that any Defendant's violation of law was a substantial factor in causing the harm to Plaintiff, then that Defendant is responsible for the harm.  Defendants cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing the harm.

COURT'S INSTRUCTION # 16.

SEPARATE CONSIDERATION OF MUTIPLE CAUSES OF ACTION –

MULTIPLE DEFENDANTS

Plaintiff has brought several civil causes of action against the individual officers.  The number of claims that Plaintiff is pursuing is not evidence that any of the defendants is liable to Plaintiff on any cause of action.  The number of claims in the case should not influence your decision in any way.

You must decide the liability of each defendant separately on each cause of action.  Your verdict on any particular cause of action should not control your verdict on any other claim or for any other party unless I instruct you otherwise.

The City of Los Angeles is a party to this action.  However, there is no need for you to evaluate the liability of the City or the Los Angeles Police Department during your deliberations.  The only issues for you to consider are whether the individual officers are liable to Ms. Borawick on any of the causes of action in the case.

COURT'S INSTRUCTION # 17.

MALICIOUS OR OPPRESSIVE CONDUCT

For Plaintiff's excessive force claim under Section 1983, if you conclude that either Defendant is liable, Plaintiff has the burden of proving by a preponderance of the evidence whether the conduct was malicious, oppressive, or in reckless disregard of her rights.

For the remainder of Plaintiff's state law claims, if you conclude that either Defendant is liable on any claim, Plaintiff has the burden of proving by clear and convincing evidence whether the conduct was malicious, oppressive, or in reckless disregard of her rights.


Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

An act is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power, or by taking advantage of some weakness, disability, or misfortune of the plaintiff.

COURT'S INSTRUCTION # 18.

BURDEN OF PROOF – PREPONDERENCE OF EVIDENCE


When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.


You should base your decision on all of the evidence, regardless of which party presented it.

COURT'S INSTRUCTION # 19.

BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving a claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim is true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

COURT'S INSTRUCTION # 20.

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are received into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

COURT'S INSTRUCTION # 21.

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION # 22.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION # 23.

OPINION OF LAY WITNESS

A witness who was not testifying as an expert may have given an opinion during the trial.  You may, but are not required to, accept such an opinion.  You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

COURT'S INSTRUCTION # 24.

OPINION OF EXPERT WITNESS

You have heard testimony from expert witnesses who testified to opinions and the reasons for that person's opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION # 25.

RULING ON OBJECTIONS

There may have been times during the trial that I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

COURT'S INSTRUCTION # 26.

COMMUNICATION WITH COURT


If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

COURT'S INSTRUCTION # 27.

RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or bailiff that you are ready to return to the courtroom.